# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                  **PLAINTIFF**

**v.**                          **4:23-cr-9-DPM**

**HALLYE ELIZABETH TURNER**                          **DEFENDANT**

## PRETRIAL ORDER FOR CRIMINAL CASES

This order is designed to eliminate the need for the filing of, response to, and ruling upon the "routine" motions. These motions include the following:

- Rule 16 Discovery Motion;

- Motion for Disclosure of Exculpatory Evidence;

- Motion for Disclosure of Any Offer of Leniency or Plea Bargain Between the United States or the State of Arkansas and Any Government Witness;

- Motion to Preserve Field Notes of Any Interview Conducted by Any Government Agent;

- Motion for Disclosure of Rule 404(b) Evidence;

- Motion for Early Disclosure of Jencks Act Material;

- Motion for Extension of Time to File Pretrial Motions;

- Motion of United States for Reciprocal Discovery;

- Motion for United States for Notice of Alibi;

- Motion by Defendant for Grand Jury Testimony; and

- Motion by Defendant for Electronic Surveillance.

**1. Rule 16**

A motion is not required for discovery under Federal Rule of Criminal Procedure 16. Rule 16(a) states that the Government must provide discovery upon a defendant's request, not upon a motion or upon an order. See 2 CHARLES ALAN WRIGHT & PETER J. HENNING, FEDERAL PRACTICE AND PROCEDURE § 261 (4th ed. 2009). Likewise, Rule 16(b) states that the defendant must provide reciprocal discovery if the defendant makes discovery requests and the Government complies with those requests. The Court expects the parties to provide discovery promptly and to do so without a court order.

**2. Rule 16–Experts**

If the defendant requests, the Government must provide the written summary about expert testimony required by the Federal Rule of Criminal Procedure 16(a)(1)(G) sixty days before trial. If the Government requests, the defendant must provide the written summary about expert testimony required by Federal Rule of Criminal Procedure 16(b)(1)(c) thirty days before trial. These obligations do not attach to the first trial setting.

**3. Rule 404(b)**

Similarly, a motion is not required for a defendant to obtain Rule 404(b) information. Federal Rule of Evidence 404(b) provides, in pertinent part, "upon request by the accused, the prosecution in a

criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Defendants must present any request for Rule 404(b) information to the Government, and the Government must comply with Rule 404(b) without a court order.

### 4. *Brady/Giglio*

The Government must comply with its constitutional obligation to disclose any information known to it that is material to the guilt or punishment of the defendant whether the defendant requests this information or not. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). *Brady* and *Giglio* information must be disclosed in time for effective use at trial. *In re United States* (*United States v. Coppa*), 267 F.3d 132, 142 (2d Cir. 2001); *United States v. Olson*, 697 F.2d 273 (8th Cir. 1983); *cf. United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

### 5. Jencks Act

The Court has no authority to order disclosure of Jencks Act material until a witness has testified. 18 U.S.C. § 3500. But the Court encourages early disclosure so that trial delays may be avoided.

### 6. Field Notes

The Government must instruct agents of the United States to preserve field notes in existence at the time of indictment. The Court will rule on the discoverability of these field notes if that becomes an issue. The Court recognizes that the Government reserves its right to argue that field notes of agents of the United States are not discoverable.

December 2022

## 7. Newly Discovered Information

It is the continuing duty of counsel for both sides promptly to disclose to opposing counsel all newly discovered information or other material within the scope of this order. Federal Rule of Criminal Procedure 16 (c).

## 8. Non-Compliance

If a party has not complied with a discovery request, the party seeking discovery may move the Court to order compliance. FED. R. CRIM. P. 16(d)(2). Until a party has unsuccessfully requested discovery, no motion is needed. 2 CHARLES ALAN WRIGHT & PETER J. HENNING, FEDERAL PRACTICE AND PROCEDURE § 261 (4th ed. 2009). Counsel must comply with Local Rule 7.2(g) in connection with any motions to compel discovery.

## 9. Pretrial Motions

Pursuant to Federal Rule of Criminal Procedure 12(c), the deadline for filing pretrial motions (including motions *in limine*) is three weeks before trial. Motions that arise from Jencks Act material are excluded from this deadline. Filing motions more than three weeks before trial will be helpful to the Court, *i.e.*, the earlier, the better. The parties are especially encouraged to file any motions that may require a hearing, such as a motion to suppress, as soon as possible.

## 10. Motions to Suppress

Motions to suppress evidence obtained from a search pursuant to a warrant must allege specific facts that, if proven, would provide a basis of relief. This Court will deny an evidentiary hearing on suppression motions that are supported only by general or conclusory

-4-

December 2022

assertions founded on mere suspicion or conjecture.

    So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

<u>3 February 2023</u>

December 2022